IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MICHELLE TERRY,**

    **Plaintiff,**

**v.**                                                                                 **No. 20-cv-0769 DHU/SMV**

**UNITED COLLECTION BUREAU, INC.,**

    **Defendant.**

**AMENDED[1] ORDER SETTING**
**TELEPHONIC STATUS CONFERENCE**

**Date and time:**    *May 4, 2022, at 10:30 a.m. MDT*

**Matter to be heard:**  (1) Status of this case and Plaintiff's bankruptcy case

                          (2) the Court's expectations regarding Initial Disclosures

A telephonic status conference is set for ***May 4, 2022, at 10:30 a.m. MDT.*** Plaintiff and defense counsel must call the Court's AT&T Conference Line, **(888) 363-4734 (access code: 4382538)**, to connect to the proceedings. The Court requests that counsel and parties read Fed. R. Civ. P. 26(a)(1) (Required Disclosures—Initial Disclosures) before the status conference.

The Court takes judicial notice of the docket and documents filed in the bankruptcy case initiated by Plaintiff and Ashley Dean Terry on January 13, 2021. *In re Terry*, Case No. 21-bk-10024 (Bankr. D.N.M.); *see Selman v. Delta Airlines*, No. CIV 07-1059 JB/WDS, 2008 WL 6022017, at *15 (D.N.M. Aug. 13, 2008) (stating that the Court may "take judicial notice of . . . any . . . publicly filed bankruptcy documents"). When Plaintiff's former counsel were

---

[1] The Order entered on March 2, 2022 [Doc. 23] is amended to move the date and time of the telephonic status conference from April 12, 2022, to May 4, 2022, at 10:30 a.m. MDT as shown in **bold italics**. The status conference on April 12, 2022, is vacated.

permitted to withdraw from representation of Plaintiff in this case, they did not provide Plaintiff's address. *See* [Docs. 18, 22]; D.N.M.LR-Civ. 83.8(a). Judicial notice is warranted to obtain Plaintiff's address from the bankruptcy case docket. The Court, therefore, hereby DIRECTS the Clerk's Office to add Plaintiff's address found on the docket of Case No. 21-bk-10024 to the docket for this case and to mail a copy of this order to Plaintiff via first-class mail.

Judicial notice is also proper to identify issues related to the progress of this case to be addressed at the status conference.[2] Plaintiff's bankruptcy case was filed under chapter 7 of the Bankruptcy Code[3] (the "Code"). Under chapter 7, only the chapter 7 trustee has standing to pursue a debtor's causes of action that arose before the bankruptcy petition was filed, unless the chapter 7 trustee abandons the cause of action under 11 U.S.C. § 554(a). *In re Cashco, Inc.*, 599 B.R. 138, 148 (Bankr. D.N.M. 2019) (stating that the chapter 7 trustee has exclusive authority to litigate causes of action that arose pre-petition).

Plaintiff's bankruptcy case was converted to a case under chapter 13 of the Code on May 19, 2021. Bankruptcy Case No. 21-bk-10024 [Doc. 20]. On August 5, 2021, Plaintiff's former counsel moved to withdraw from representation of Plaintiff in this case. [Doc. 18]. In the motion, Plaintiff's former counsel stated that it was unclear whether the chapter 13 trustee would pursue Plaintiff's FDCPA claim or abandon it, which suggests that only the chapter 13 trustee may pursue Plaintiff's FDCPA claim unless the chapter 13 trustee abandons it. However, it appears to the Court that Plaintiff may have authority to prosecute her FDCPA claim in this Court, regardless

---

[2] While the bankruptcy case was proceeding under chapter 7, Plaintiff filed a suggestion of bankruptcy and requested a 180-day stay of this case. [Doc. 16]. Although the case was not stayed, the Court has not yet entered an initial scheduling order.
[3] 11 U.S.C. § 7.

of whether the chapter 13 trustee abandoned it. Specifically, Plaintiff may be able to proceed on behalf of the estate under chapter 13. *See Smith v. Rockett*, 522 F.3d 1080, 1082 (10th Cir. 2008) (holding that a debtor had authority under chapter 13 to pursue a FDCPA claim in district court on behalf of the estate). Alternatively, it appears that Plaintiff may be able to pursue her FDCPA claim on her own behalf if the entire amount of the FDCPA claim is exempt from the estate. *See Wilborn v. Dun & Bradstreet Corp.*, 180 F.R.D. 347, 352 (N.D. Ill. 1998) ("Because it is exempt from the bankruptcy estate, [a] cause of action against defendant belongs to plaintiff, not the bankruptcy trustee"); *In re Tippins*, 221 B.R. 11, 18 (Bankr. N.D. Ala. 1998) (stating that where no party in interest objected to the debtor's exemption of a cause of action, the debtor "obtained a property right in the lawsuit and its proceeds" which "necessarily create[d] standing in the debtor"). If Plaintiff has standing and authority to pursue her FDCPA claim, and if she still wishes to pursue her FDCPA claim, the Court intends to enter an initial scheduling order addressing required initial disclosures and the joint status report after the status conference. The parties should be prepared to discuss the issue of Plaintiff's standing and authority to proceed with her FDCPA claim at the status conference.

If Plaintiff does not intend to pursue her FDCPA claim, she may file on the record a stipulation of dismissal signed by Defendant or a request for dismissal by court order. *See* Fed. R. Civ. P. 41(a).

**IT IS SO ORDERED.**

**STEPHAN M. VIDMAR**
**United States Magistrate Judge**