IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MICHELLE TERRY,**

    **Plaintiff,**

v.                                                                                                          No. 20-cv-0769 DHU/SMV

**UNITED COLLECTION BUREAU, INC.,**

    **Defendant.**

### ORDER TO SHOW CAUSE

THIS MATTER is before the Court on Plaintiff's failure to appear at a status conference. Plaintiff has failed appear at a telephonic status conference scheduled for June 1, 2022, at 1:30 p.m. MDT. *See* [Doc. 27]. Plaintiff is ordered to show cause why she should not be sanctioned for her failure to appear.

On May 4, 2022, the Court issued an Order Setting Telephonic Status Conference for June 1, 2022. [Doc. 27]. The Order directed all parties to call Judge Vidmar's teleconference line on June 1, 2022, at 1:30 p.m. MDT. The notice of electronic filing indicates that the Order was sent to Plaintiff by United States mail at 308 Conestoga Trail, Clovis, NM 88101.[1] Nevertheless, Plaintiff failed to appear, and the status conference could not proceed. Present at the status conference were counsel for Defendant and Mr. Dennis Banning, who represented Plaintiff in a bankruptcy matter but does not represent Plaintiff in this matter.

---

[1] Plaintiff did appear at a status conference held on May 4, 2022, at 3:30 p.m. MDT. Notice for the May 4, 2022, status conference was mailed by United States mail to 308 Conestoga Trail, Clovis, NM 88101. [Docs. 24, 25].

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that, no later than **July 1, 2022,** Plaintiff must show cause, in writing, why she should not be sanctioned for her failure to appear at the telephonic status conference set for June 1, 2022, in accordance with the Court's Order Setting Telephonic Status Conference [Doc. 27].

**IT IS FURTHER ORDERED** that **if Plaintiff fails to timely respond to this Order, she may be sanctioned up to and including dismissal of this case without further notice.** *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (courts have inherent power to dismiss cases for lack of prosecution); Fed. R. Civ. P. 16(f) (authorizing sanctions, including dismissal, against a party who fails to comply with court orders); Fed. R. Civ. P. 41(b) (allowing for involuntary dismissal where "the plaintiff fails to prosecute or to comply with the[] rules [of procedure] or a court order"); *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (outlining factors to consider in dismissing a case); *see also* D.N.M.LR-Civ. 41.1 ("A civil action may be dismissed if, for a period of ninety (90) days, no steps are taken to move the case forward.").

**IT IS FURTHER ORDERED** that the Clerk of Court is DIRECTED to mail a copy of this Order to Plaintiff at her address of record.

**IT IS FURTHER ORDERED** that, if Plaintiff does not intend to pursue her claim, she may file on the record a stipulation of dismissal signed by Defendant or a request for dismissal by court order. *See* Fed. R. Civ. P. 41(a).

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**