IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MICHELLE TERRY,**

    Plaintiff,

v.                                                    No. 20-cv-0769 DHU/SMV

**UNITED COLLECTION BUREAU, INC.,**

    Defendant.

## SCHEDULING ORDER

THIS MATTER is before the Court on receipt of the parties' Joint Status Report and Provisional Discovery Plan [Doc. 11]. *See* Fed. R. Civ. P. 16(b)(1)(A). The parties' Joint Status Report and Provisional Discovery Plan [Doc. 11] is adopted, except as modified below. The Court will permit discovery as follows:

1. 25 Interrogatories by each party to any other party;

2. 25 Requests for Production by each party to any other party;

3. No limit on the number of Requests for Admission served by each party at this time;[1]

4. 10 depositions per side;

5. Depositions of fact witnesses are limited to 4 hours of questioning on the record unless extended by agreement of the parties. Depositions of parties and experts are limited to 7 hours of questioning on the record unless extended by agreement of the parties.

In accordance with the Civil Justice Expense and Delay Reduction Plan adopted in compliance with the Civil Justice Reform Act, and pursuant to Title 28 U.S.C. § 473(a)(1), this

---

[1] Requests for Admission are subject to the deadline for termination of discovery.

case is assigned to an **"expedited" (150-day)** track classification. The Court sets the following case management deadlines:

| | |
|---|---|
| Plaintiff moves to amend the pleadings or join additional parties by:[2] | **July 13, 2022** |
| Defendant moves to amend the pleadings or join additional parties by:[2] | **July 27, 2022** |
| Plaintiff discloses experts and provides expert reports or summary disclosures by:[3] | **August 30, 2022** |
| Defendant discloses experts and provides expert reports or summary disclosures by:[3] | **September 29, 2022** |
| Termination of discovery: | **October 31, 2022** |
| Motions relating to discovery filed by:[4] | **November 21, 2022** |
| Pretrial motions other than discovery motions[5] filed by: | **December 1, 2022** |

Discovery shall not be reopened, nor shall case management deadlines be modified, except by an order of the Court upon a showing of good cause. Discovery must be completed on or before the discovery deadline. Accordingly, service of written discovery is timely only if the responses are due prior to the discovery deadline. A notice to take deposition is timely only if the

---

[2] Amendment must comply with Fed. R. Civ. P. 15(a).
[3] The parties must disclose every expert witness who is expected to testify, even if the expert is not required to submit an expert report. *See* Fed. R. Civ. P. 26(a)(2)(B)–(C); D.N.M.LR-Civ. 26.3(b).
[4] *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. The discovery motions deadline does not extend the 21-day time limit in D.N.M.LR-Civ. 26.6 (Party served with objection to discovery request must file motion to compel within 21 days of service of objection. Failure to file motion within 21 days constitutes acceptance of the objection.).
[5] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions in limine. The Court will set a motions in limine deadline in a separate order.

deposition takes place prior to the discovery deadline. The pendency of dispositive motions does not stay discovery.

**IT IS SO ORDERED.**

                                                     **STEPHAN M. VIDMAR**
                                                     **United States Magistrate Judge**